NO. 07-09-0276-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 MAY 4, 2010

 DARRON T. MOORE,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 ____________________________

 FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2007-414,858; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Darron T. Moore was convicted of possession of a controlled
substance (cocaine) with intent to deliver. On appeal, he challenges
the legal and factual sufficiency of the evidence to sustain his
conviction and the trial court’s denial of his motion to suppress. We
affirm the judgment of the trial court.

 Background

 Law enforcement officers with the Drug Enforcement Agency
received a tip from a confidential informant that two individuals had
a quantity of cocaine in a certain motel room at the Sunset Motel in
Lubbock. They obtained a search warrant and executed it within 72
hours on December 8, 2006. As they approached the room, they observed
a white female nearing the door. A black female opened the door of
the room. When the black female saw that police officers were outside
the room, she shut the door. As the officers entered the room, the
black female was sitting on the bed. Apppellant was seen completely
naked with his hand in the toilet of the bathroom. Two bags of
cocaine were extracted from the swirling toilet.

 Issues 1 and 2 – Legal and Factual Sufficiency of the Evidence

 In his first two issues, appellant argues that there is
insufficient evidence to prove that the drugs belonged to him. The
standards by which we review the sufficiency of the evidence are
discussed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim.
App. 2006). To convict appellant of the charged offense, the State
had to prove that appellant intentionally and knowingly possessed
cocaine with the intent to deliver. Tex. Health & Safety Code Ann.
§481.115(d) (Vernon Supp. 2009). Thus, it had to prove that
appellant’s connection with the drug was “more than just fortuitous.”
Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).
Furthermore, his mere presence at the site where the drugs were found,
without more, is insufficient to establish actual care, custody, or
control of the narcotics. See Martin v. State, 753 S.W.2d 384, 387
(Tex. Crim. App. 1988).

 Courts have developed numerous factors found to be useful in
determining whether the accused’s link to the contraband was more than
mere fortuity. Although not exclusive, the list includes whether 1)
the accused was present when the search was conducted, 2) the
contraband was plainly visible by those present, 3) the drugs were
near the defendant, 4) the defendant was under the influence of the
substance found, 5) the defendant possessed other contraband or drug
paraphernalia when arrested, 6) the defendant made any incriminating
statements, 7) the defendant attempted to flee, 8) the defendant made
furtive gestures, 9) the contraband emitted a recognizable odor at the
time, 10) other contraband or drug paraphernalia was present, 11) the
defendant had the right to exclusive or joint possession of the place
where the drugs were found, 12) the place where the drugs were found
was enclosed, 13) the accused attempted to conceal the contraband, and
14) the accused was familiar with the type of contraband. Kyte v.
State, 944 S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.); Hurtado
v. State, 881 S.W.2d 738, 743 n.1 (Tex. App.–Houston [1st Dist.] 1994,
pet. ref’d). The number of factors established is not as important as
the degree to which they tend to link the defendant to the offense.
Wallace v. State, 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet.
ref’d).

 Here, the jury was presented evidence of 1) a tip from a
confidential informant disclosing that cocaine was present in that
particular motel room in the possession of a black male known as
“Dizzy” and a black female known as “Nookie,” 2) appellant being
discovered in the motel room at a motel commonly known for drug
distribution, 3) appellant being naked in the bathroom in the presence
of the drugs, 4) appellant having his hand in the toilet where the
drugs were found, 5) the black female in the room having perceived the
presence of the officers and shutting the door in their face, 6) the
toilet where the drugs were located having been flushed, and 7) the
amount of drugs present constituting more than that of mere personal
use. As previously stated, the number of factors established is not
as important as the degree to which they tend to link the accused to
the drugs. The aforementioned evidence constitutes sufficient indicia
to enable jurors to rationally conclude beyond a reasonable doubt that
appellant knowingly and intentionally had care, custody, and control
of the narcotics. Moreover, that appellant attacked the credibility
of the officers executing the affidavit does not render that verdict
manifestly unjust. Appellant’s first two issues are overruled.

 Issue 3 – Motion to Suppress

 In his third issue, appellant claims the trial court
should have suppressed the evidence found as a result of execution of
the search warrant. We overrule the issue for appellant uttered “no
objection” when the evidence was offered by the State. Having said
that, he waived any complaint he may have had. Brown v. State, 183
S.W.3d 728, 741 (Tex. App.–Houston [1st Dist.] 2005, pet. ref’d).

 Accordingly, the judgment is affirmed.

 Brian Quinn

 Chief Justice

Do not publish.